FILED & ENTERED

MAR 30 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY egonzale DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | CHAPTER 7 |
| Momentum Development LLC | Case No.: 1:18-bk-11538-MT<br>Adv No:   1:19-ap-01129-MT |
| Debtor(s). | |
| Diane Weil | **NOTICE OF TENTATIVE RULING RE PRETRIAL MOTIONS RELATED TO APPLICATION OF STATUTE OF LIMITATIONS AND/OR REPOSE** |
| Plaintiff(s),<br>  v. | |
| The Pyramid Center, Inc. | Date:         March 25; March 28, 2022<br>Time:<br>Courtroom:   302 (via ZoomGov.com) |
| Defendant(s). | |

At the above date and time, the Court held a hearing on the oral pretrial motions related to an issue regarding the application of the statute of limitations and/or repose (the "Motions"), .  Appearances are as noted on the record for the hearing.  At the hearing, the Court adopted its tentative ruling on the Motions.  A copy of the Court's tentative ruling is attached to this cover page.

-1-

At the start of trial on 3/25/22, Defendant The Pyramid Center, Inc. ("Pyramid") reiterated its argument that the Plaintiff Trustee's claims in this action are time-barred. The Trustee takes the position that they are timely. The Court has issued this ruling prior to the continuation of trial on 3/28/22. The Court considered the parties' arguments in their Trial Briefs, and on the record at on 3/25/22 as well as previous motion in limine briefs.

Debtor Momentum Development LLC ("Momentum" or "Debtor"), through Josef Dolezal, transferred certain real property in San Bernadino County to Pyramid on 10/31/12 (the "Transfer").Trustee Exhibit 26; Amended Joint Pretrial Stipulation Paragraph 10.

Momentum commenced an action against DCA Drilling and Construction Inc. ("DCA") on Sept. 19, 2014. Ex 29;p.1159. The Superior Court found DCA that was the prevailing party in litigation commenced by Momentum. A judgment was entered in favor of DCA against Momentum on 5/15/2018. Trustee's Trial Brief, 14:5. DCA then sought attorney fees as the prevailing party in the litigation.

Approximately one month later, on 6/19/18 (the "Petition Date"), Momentum filed this voluntary Chapter 7. Trustee then filed her Complaint against Pyramid on 10/25/19, and a First Amended Complaint (the "FCA") on 12/18/19. Trustee referenced DCA in her complaint, and also alluded to other unsecured creditors in paragraph 19 and 20 therein.

**1. The Statute of Limitations -** Are Trustee's claims, seeking avoidance of the Transfer, time barred under the applicable statute of limitations? The Court concludes the claims are not time barred under Cal.Civ. Code § 3439.09(a).

Under Cal.Civ. Code § 3439.09(a), the statute of limitations is four years after the "transfer was made or <u>the obligation was incurred</u>" (or if later, one year from discovery of the transfer or obligation is invoked but here, that analysis is unnecessary).

> A cause of action with respect to a fraudulent transfer or obligation under this chapter is extinguished unless action is brought pursuant to subdivision (a) of Section 3439.07 or levy made as provided in subdivision (b) or (c) of Section 3439.07:
>
> (a) Under paragraph (1) of *subdivision (a) of Section 3439.04*, within four years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant.

Cal.Civ. Code § 3439.09(a*)*

If the four year statute started to run on the date of the Transfer, it expired on 10/31/16. However, the statute allows for an alternative start date – four years after the obligation was incurred. That is a relevant date on the facts here. Momentum's obligation to DCA was not incurred until the State court entered its judgment in favor of DCA – which was 5/15/18. Using that date as the start date for the four-year cause of action, the action is timely. Momentum and DCA were litigating that very obligation in state court up until 5/15/18. Filing the bankruptcy petition then tolled the statute. EPD, id at 686-87, and cases cited therein.

Cortez v. Vogt, 52 Cal. App. 4th 917, 937, 60 Cal. Rptr. 2d 841 (Cal. Ct. App. 1997) discusses the relevance of the phrase "when the obligation was incurred." It holds that the statute of limitations does not begin to run until the creditor actually obtains a judgment. Defendant has argued that Cortez is inapplicable because it involved a transfer that was made during the pendency of the proceeding that was seeking to establish the underlying liability. Here, the transfer occurred before the lawsuit was commenced. Cortez cannot be read so narrowly. It's rule that the obligation triggers the running of the statute has been followed in numerous contexts. Potter v. Alliance Ins., 37 Cal. App. 5th 894, 904; 250 Cal. Rptr. 3d 282, 290, fn 7 (Cal. Ct App. 2019) ("In the 20-plus years since

*Cortez* was decided, however, no published case in California has disagreed with its holding or adopted the reasoning of the critical out-of-state cases.")

Because the discovery rule of when the fraudulent transfer "could reasonably have been discovered" is not relevant here, there is no need to discuss that aspect of the statute. In re Ezra, 537 B.R. 924, 932 (9th Cir. BAP 2015)("one-year period under Cal.Civ. Code § 3439.09(a)'s discovery rule does not commence until the plaintiff has reason to discover **the fraudulent nature of the transfer**.")

Trustee's claims are timely under § 3439.09(a).

**2. The Statute of Repose under Cal.Civ. Code § 3439.09(c)**

Even if claims are timely under the statute of limitations, the Court must also consider the statute of repose. Cal.Civ. Code § 3439.09(c). Statutes of limitations and statutes of repose are "factually and legally distinct issues". Ezra at 935. While the statute of limitations may be begin to run on a date **after** the transfer at issue, the statute of repose starts to run on the date of the transfer. PGA West Residential Assn., Inc. v. Hulven Internat., Inc., 14 Cal. App. 5th 156, 179 (4th District Court of Appeal 2017) is a detailed discussion of the interplay between statute of limitations and the statute of repose as it interprets 3439.09(c)).

Cal.Civ. Code § 3439.09(c) states:

> Notwithstanding any other provision of law, a cause of action with respect to a fraudulent transfer or obligation is extinguished if no action is brought or levy made within seven years after the transfer was made or the obligation was incurred.

"Cal. Civ. Code § 3439.09(c)'s seven-year statute of repose does not bar a claim under § 544(b) and Cal. Civ. Code § 3439.04 so long as the claim arose less than seven years before the debtor's bankruptcy filing." Ezra, citing Rund v. Bank of Am Corp. (In re EPD Inv. Co., LLC), 523 B.R. at 680, 691-92 (9th Cir BAP

2015).  A longer discussion of the statute of repose is found in EPD at 687 (explaining how the statute of repose harsher because it cuts off rights, irrespective of accrual or notice).

The Trustee can and did bring a claim against Pyramid within seven years of the Transfer date, so the Trustee's claims are also not time barred under the statute of repose. The Trustee also filed her claims within the two year time frame allowed under 11 USC § 546(a)(1).

The Trustee's rights are not barred by operation of law. The California state law cause of action existed on the petition date. The Trustee's claims against Pyramid are timely under both the statute of limitations and the statute of repose.

**3. Other qualifying creditors of the estate**

The Trustee steps into the shoes of the qualifying creditor. 11 USC § 544(b).  If one creditor did not have the requisite knowledge in time to do anything before the petition date, the Trustee has two years from the petition date (6/19/18 to 6/19/20) and can step into the shoes of any "qualifying creditor."

//
//
//
//
//
//
//
//
//
//

In order to be a qualifying creditor, it must have "an allowable unsecured claim." In re JTS, 617 F.3d 1102, 1111 (9th Cir. 2020). In addition to DCA, at least three other unsecured creditors filed proofs of claim. No one filed objections to any of them. They are deemed allowed under 11 USC § 502(a).

Pyramid has argued that other creditors cannot serve this. The Court disagrees, for the reasons stated its tentative on the Motion in Limine, issued 3/22/22.

The Trustee's claims appear to also be timely when other unsecured creditors are considered.

###

Date: March 30, 2022

Maureen A. Tighe
United States Bankruptcy Judge

-6-